**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10282 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01166-FJM |
| v. | |
| DARRELL WAYNE DEMPSEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted April 20, 2011[**]

Before:     SKOPIL, FARRIS, and LEAVY, Circuit Judges.

Darrell Wayne Dempsey appeals his conviction for illegal transportation of

an alien for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo whether reasonable

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

suspicion exists to justify a stop, and we review for clear error the district court's underlying factual findings. *See United States v. Palos-Marquez*, 591 F.3d 1272, 1274 (9th Cir. 2010). We affirm.

Dempsey contends the district court erred in denying his motion to suppress evidence because the police lacked reasonable suspicion for the stop of his vehicle. To determine whether a stop was supported by reasonable suspicion, "we consider whether, in light of the totality of the circumstances, the officer had a 'particularized and objective basis for suspecting the particular person stopped of criminal activity.' " *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)).

Here, the totality of the circumstances included Dempsey's rigid driving posture, his failure to acknowledge the police, his proximity to the border, his slowing down below the speed limit at the sight of police, and, after the police horn sounded, the flight of ten Hispanic men from the vehicle he was driving. These circumstances indicated a particularized and objective basis justifying the officer's reasonable suspicion of criminal activity. *See United States v. Arvizu*, 534 U.S. 266, 270-73, 277 (2002) (reasonable suspicion based on use of known smuggling route, the driver's rigid posture and failure to acknowledge police, slowed speed in

the presence of police, and inferences based on police experience).  Further, the district court did not clearly err in crediting the officer's testimony.  *See United States v. Haswood*, 350 F.3d 1024, 1028 (9th Cir. 2003) (noting deference to the district court's credibility determinations).  Accordingly, the district court did not err in denying the motion to suppress.

**AFFIRMED**.

10-10282